**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Jonathan Bennett, | ) | Civil Action No. 2:20-1143-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| The Boeing Company, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that The Boeing Company, Inc.'s ("Boeing") motion to dismiss the second amended complaint be granted in part and denied in part. (Dkt. No. 50.)  For the reasons set forth below, the Court adopts in part and declines to adopt in part the R & R as the order of the Court.

## I.    Background

Plaintiff Jonathan Bennett is an employee of Boeing who alleges that he has been "subjected to an environment replete with constant racial harassment, race discrimination, retaliation, and violations of his contractual rights and employment rights."  In the Second Amended Complaint, he alleges that beginning around 2017, his "on and off" manager began showing "racial favoritism to Caucasian employees to the detriment of the African American workers."  Plaintiff complained to the Human Resources department in August 2017, but Boeing failed to take any action in response.  The manager continued to assign African American employees to work in Building 8822, which had "dirty and hazardous" working conditions "as it involved mostly sanding and prep work" and allowed Caucasian employees to do "cleaner and more desirable work" on the basis of their race.  In 2018, two Caucasian workers told Plaintiff that Caucasian workers did not have to follow the rules, such as to wear safety glasses, and

Plaintiff complained to Human Resources.  When Plaintiff returned to work after a car accident, he learned that the Caucasian worker was his new lead supervisor in the paint shop and suffered anxiety. (Dkt. No. 40 ¶¶ 5-15.)

Plaintiff brings four claims: race discrimination/racially hostile work environment in violation of 42 U.S.C. § 1981 (Count 1), breach of contract (Count 2), breach of contract accompanied by a fraudulent act (Count 3), and retaliation (Count 4).  Boeing moves to dismiss all claims. (Dkt. No. 41.)  The Magistrate Judge recommends that the motion be granted in part and denied in part to dismiss Count 1, dismiss Count 2, Dismiss Count 3, and retain Count 4. (Dkt. No. 49.)  Plaintiff objected to this recommendation and Boeing replied. (Dkt. Nos. 54, 55.)

## II.    <u>Legal Standard</u>

### A.    **Review of the R & R**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.  In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.     Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the Complaint fails "to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 679. The district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). The court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations," but it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**III.   Discussion**

**A.     Count 1 for Race Discrimination/Racially Hostile Work Environment is Not Dismissed.**

Count 1 alleges that Plaintiff is a member of a protected group on the basis of race and was subjected to disparate treatment and a hostile work environment due to his race, in violation of 42 U.S.C. § 1981, to which his Caucasian colleagues were not subject. Specifically, beginning in 2017, Boeing knowingly allowed the management staff member to assign African American employees to unsanitary and undesirable areas of the facility, to promote racist workers as supervisors in an effort to harass Plaintiff, to make racist and derogatory remarks, to single out

and target Plaintiff and micro-manage him and other African American employees, and to set and enforce two standards of protocol for Caucasian and African American employees. (Dkt. No. 40 ¶¶ 16-23.)

First, regarding Count 1's claim for hostile work environment: a hostile environment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 51- U.S. 17, 21 (1993). "Thus, to prevail on a Title VII claim that a workplace is racially hostile, a plaintiff must show there is (1) unwelcome conduct; (2) based on the plaintiff's . . . race; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer. The same applies to a hostile work environment claim asserted under 42 U.S.C. § 1981." *Boyer-Liberto v. Fontainbleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (internal quotation marks and citations omitted). The third element of the claim "requires a showing that the environment would reasonably be perceived, and is perceived, as hostile and abusive[.]" *Id.* "Whether an environment is objectively hostile or abusive is judged from the perspective of a reasonable person in the plaintiff's position. That determination is made by looking at all the circumstances, which may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* Although most viable hostile work environment claims often involve repeated conduct, an isolated incident of harassment can amount to discriminatory changes in the terms and conditions of employment if that incident is "extremely serious." *Id.* "For purposes of the employer's vicarious liability, the harasser qualifies as a

-4-

supervisor, rather than a co-worker, if he or she is empowered to take tangible employment actions against the victim . . . such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.* at 278.

The Magistrate Judge recommends that Count 1 be dismissed under Rule 12(b)(6) for setting forth merely conclusory allegations rather than factual allegations. The Court is declines to adopt that recommendation. The pleading, construed in a light most favorable to the non-movant, sets forth sufficient allegations to put Boeing on adequate notice of the claim at this stage of the proceedings. Boeing may challenge the merits of the claim after a full record has been developed. Count 1's claim for hostile work environment is not dismissed.

Next, regarding Count 1's claim for racial discrimination, the Magistrate Judge recommends that it not be dismissed. The Second Amended Complaint alleges that, after Plaintiff complained Mr. Lake's statement that Caucasians did not have to follow safety rules, Plaintiff's racist manager promoted Mr. Lake, himself now alleged to be "a racist," to intimidate and harass Plaintiff. (Dkt. No. 40 ¶ 18.) The pleading further alleges that Plaintiff was moved to the unsanitary and undesirable Building 8822 on the basis of his race while Caucasian co-workers received more desirable assignments.

To bring a claim for race discrimination under § 1981, Plaintiff must show that (1) he is a member of a protected class, (2) he performed his job in a satisfactory manner, (3) he was subjected to an adverse employment action, and (4) he was treated differently than similarly situated employees outside his protected class. *Flowers v. Int'l Longshoreman's Ass'n Local 1422*, No. 2:19-cv-0254-DCN-MGB, 2019 WL 6093255, at *9 (D.S.C. June 4, 2019), *adopted sub nom.* 2019 WL 3927444 (D.S.C. Aug. 20, 2019). The Magistrate Judge finds that the

allegations are sufficient to plead a claim for racial discrimination, and this Court agrees. Count 1's claim for race discrimination is not dismissed.

**B.    Count 2 for Breach of Contract and Count 3 for Breach of Contract Accompanied by a Fraudulent Act are Dismissed.**

The Second Amended Complaint alleges that Boeing's Employee Handbook "definitively assures employees of their right to report harassment and bullying, and an anti-retaliation clause," the Equal Employment Opportunity Policy states "there will be no discrimination as to race" and the Code of Conduct provides that "retaliation against those who come forward to raise genuine concerns will not be tolerated." Plaintiff alleges that he entered into a "binding and valid contract" with Boeing "whereby Plaintiff relied on" these policies, but Boeing violated "the contractual anti-retaliation provisions within Defendant's employment handbook (contract), the EEO policy, Code of Conduct, and other contractual policies and procedures." (Dkt. No. 40 ¶¶ 24-35.)

A plaintiff alleging breach of contract must plead the existence of a valid contract, consisting of offer, acceptance and consideration. *Roberts v. Gaskins*, 486 S.E.2d 771, 773 (1997). In South Carolina, there is a presumption of at-will employment. *Prescott v. Farmer's Tel. Co-Op., Inc.*, 516 S.E.2d 923, 927 n.8 (1999). Therefore, the employee plaintiff must "plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship." *Amason v. P.K. Mgmt., LLC*, No. 3:10-cv-1752-JFA, 2011 WL 1100169, at *6 (D.S.C. Mar. 23, 2011). This requires pleading that the employee and employer entered into a contract "with terms of employment that limited the duration of the relationship or the right of termination or both." *Weaver v. John Lucas Tree Expert Co.*, No. 2:13-cv-1698-PMD, 2013 WL 5587854, at *6 (D.S.C. Oct. 10, 2013). In some instances, an employer may alter the employee's at-will status through mandatory language in a handbook. *Grant. v. Mount Vernon Mills, Inc.*,

634 S.E.2d 15, 20 (S.C. Ct. App. 2006). To be considered mandatory language, the purported contract must be "definitive in nature, promising specific treatment in specific situations." *Anthony v. Atl. Grp., Inc.*, 909 F. Supp. 2d 455, 467 (D.S.C. 2012). It must not be "couched in permissive language" such as "normally" and "should." *Grant*, 634 S.E.2d at 21-22. The plaintiff "must direct the court to some particular provision he claims was violated that limited the employer's right to discharge him" and "the handbook promise must restrict the right of an employer to discharge." *Lawrence v. Westinghouse Savannah River Co., Inc.*, No. 1:03-cv-0484-27, 2005 WL 36968031, at *4 (D.S.C. Mar. 31, 2005).

The Magistrate Judge recommends dismissing Count 2 because the portions of the policies that Plaintiff contends are mandatory and promissory terms are instead standard anti-discrimination and non-retaliation provisions that are insufficient to overcome the presumption of at-will employment. This Court agrees. *See, e.g.*, *King v. Marriott Int'l Inc.*, 520 F. Supp. 2d 748, 756 (D.S.C. 2007), *aff'd*, 267 Fed.Appx. 301 (4th Cir. 2008); *Petrosyan v. Delfin Grp. USA, LLC*, No. 2:13-cv-2990-PMD, 2015 WL 685266, at *12 (D.S.C. Feb. 18, 2015); *Perrine v. G4S Secure Solutions (USA), Inc.*, No. 2:11-cv-1210-RMG, 2011 WL 3563110, at *1 (D.S.C. Aug. 9, 2011). Count 2 is, therefore, dismissed for failing to state a claim upon which relief can be granted.

Because the Second Amended Complaint fails to sufficiently plead a claim for breach of contract, it also fails to plead Count 3 for breach of contract accompanied by fraudulent conduct. Count 3 is therefore dismissed.

## C.    Count 4 for Retaliation in Violation of § 1981 is Not Dismissed.

The Second Amended Complaint alleges that Plaintiff was "repeatedly subjected to and protested the violations of his federally protected rights" by reporting infractions to Boeing, but

Boeing "retaliated against Plaintiff by practicing a continuing pattern of animus, harassment, and denial of opportunities and relocations." Plaintiff also alleges that after he complained to Boeing that his Caucasian co-worker, Mr. Lakes, told Plaintiff that Caucasians did not have to follow safety rules, Boeing promoted Mr. Lakes to be Plaintiff's lead supervisor. (Dkt. No. 40 ¶¶ 42-44.)

To state a claim for retaliation, Plaintiff must allege that (1) he engaged in activity protected under § 1981, (2) Defendant took an adverse employment action against him, and (3) a causal connection exists between the protected activity and the adverse action. *Evans v. Int'l Paper Co.*, 936 F.3d 183, 195 (4th Cir. 2019). An adverse employment action is one that a reasonable employee would have found it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Regarding the third element, "very little evidence of a causal connection is required to establish a *prima facie* case of retaliation." *Burgess v. Bowen*, 466 Fed.Appx. 272, 283 (4th Cir. 2012).

The Magistrate Judge recommends denying Boeing's motion to dismiss Count 4, and the Court agrees. Taking the Second Amended Complaint's factual allegations in a light most favorable to the non-movant—specifically, the allegation that Boeing promoted the Caucasian co-worker who made a statement about which Plaintiff complained to be Plaintiff's direct supervisor—it sufficiently pleads that Plaintiff engaged in a protected activity, that Boeing took adverse employment action against him, and a facially plausible causation between the two. The Court denies Boeing's motion to dismiss Count 4.

**IV.**     <u>**Conclusion**</u>

For the foregoing reasons, the Court **ADOPTS IN PART** the R & R (Dkt. No. 50) as the order of the Court.  Boeing's partial motion to dismiss (Dkt. No. 41) is **granted in part and denied in part**. Count 1 is not dismissed. Count 2 and Count 3 are dismissed.  Count 4 is not dismissed.

**AND IT IS SO ORDERED.**


<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

January 14, 2021
Charleston, South Carolina